<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD KOHLER and RACHEL KOHLER,<br><br>**Plaintiffs,**<br><br>v.<br><br>VANBRO CORP., JOHN DOES 1-5, ABC CORPORATIONS 1-5<br><br>**Defendants.** | Civil Action No. 3:11-cv-02956-PGS<br><br>**<u>MEMORANDUM AND ORDER</u>** |

**SHERIDAN, U.S.D.J.**

This action comes before the Court on two motions. First, on a motion to transfer venue to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a) by Plaintiffs Edward Kohler and Rachel Kohler; and second on a motion for summary judgment by Defendant Vanbro Corp. In addition, Defendant seeks reimbursement for costs, including attorneys' fees, if the motion to transfer is granted. For the reasons stated below, Defendant's motion for summary judgment is granted, and Plaintiffs' motion to transfer and Defendant's motion for costs are therefore denied as moot.

**I.**

This case arises from a workplace accident involving Plaintiff Edward Kohler, a resident of New Jersey, and Defendant Vanbro Corporation ("Vanbro"), a business located in Staten Island, New York. On May 22, 2010, Plaintiff, an employee of Vanbro, was performing

1

maintenance on a pugmill[1] at Vanbro's location when the machine was accidently powered on by a co-employee.

Plaintiffs allege that no safety procedures were established in the workplace that would have prevented such an accident from occurring. On or about May 23, 2011, Plaintiffs filed their original complaint in this District, and thus far Plaintiffs and Defendant have engaged in limited discovery and one deposition. On November 18, 2011 Defendant filed an answer to the complaint. During the course of interrogatories Plaintiffs learned of additional defendants to be named, and Plaintiffs commenced a parallel action in the Eastern District of New York, because this Court may not have jurisdiction over some of the additional defendants.

On or about September 5, 2012, Plaintiffs filed a motion to transfer to the Eastern District of New York, subject to 28 U.S.C §1404(a), to consolidate the cases. Thereafter, on or about September 20, 2012, Defendant submitted a motion for summary judgment.

**II**

The issue is whether the court should grant summary judgment in favor of Defendant Vanbro Corp. Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all

---

[1] A pugmill is a large machine in which materials are simultaneously ground and mixed with a liquid for the production of asphalt.

justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); see also Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor – that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. Appx. 222, 227 (3d Cir. 2007).

### III

In determining whether summary judgment should be granted, courts look at whether there are any material facts in dispute. In the case at bar, Plaintiffs claim summary judgment is premature as they have not finished their fact investigation, and need additional time for expert discovery. However, subsequent factual investigations or expert discovery will not produce any material facts that will be sufficient to change the outcome of this case.

The New York Workers' Compensation Law states in part "liability of an employer … shall be exclusive and in place of any other liability whatsoever." N.Y. Workers' Comp. § 11 (Consol. 2012). The New York Workers' Compensation Law reflects a historic trade off, providing almost certain compensation for injuries sustained in the workplace regardless of fault, hence avoiding the long expensive and uncertain trial process, in exchange for the right to sue an employer in tort. *See Billy v. Consol. Mach. Tool Corp.*, 51 N.Y.2d 152, 159 (1980).

There is an exception to the exclusivity of the Workers' Compensation Law "[w]here injury is sustained to an employee due to an intentional tort perpetrated by the employer or at the employer's direction . . . with the desire to bring about the consequences of the act. [However, a] mere knowledge and appreciation of a risk is not the same as the intent to cause injury." *Finch v. Swingly*, 42 A.D.2d 1035 (N.Y. App. Div 4th Dep't 1973).

Plaintiffs claim that Defendant failed to implement certain safety procedures that would have prevented this injury from occurring. In Plaintiffs view, the alleged failure to institute safety procedures constituted an intentional injury negating the exclusivity of the Worker's Compensation Law. Plaintiffs claim, however, is without merit. In one similar case, the Appellate Division of New York found that even where defendants had intentionally ignored known hazards, it may have risen to the level of gross negligence or even recklessness but such injury would still fall short of the "intentional injury" exception necessary to negate the exclusivity of the Workers' Compensation Law. *Orzechowski v. Warner-Lambert Co.*, 92 A.D.2d 110, 113 (N.Y. App. Div. 2nd Dep't 1983). Generally, "mere knowledge and appreciation of a risk is not the same as the intent to cause injury." *Finch v. Swingly*, 42 A.D.2d 1035 (N.Y. App. Div 4th Dep't 1973).

Plaintiff's allegations that proper safety procedures were not in place do not rise to the level of intentional injury. Even if Defendant did have the knowledge that the lack of proper lockout techniques could create an unsafe work environment, it would not amount to the level of intentionally causing an injury to occur. That is, Defendant's possible knowledge that a lack of proper lockout techniques existed does not suffice to show an actual 'intent to cause injury.'

Plaintiff's injury occurred when a co-employee failed to recognize that Plaintiff had gone into the machine to perform some maintenance, and he started up the pugmill. When the co-employee realized Plaintiff was in the machine, after he heard plaintiff screaming, the co-employee immediately shut down the pugmill, and went to help Plaintiff. The undisputed facts show that Vanbro did not have intent to cause injury. As such the exclusivity of the Workers' Compensation Law stands.

Therefore summary judgment is granted in favor of Defendant, and the motion to transfer and for attorneys' fees are denied as moot.

## ORDER

IT IS on this 30th day of January, 2013;

ORDERED that Defendant's motion for Summary Judgment is granted; and it is further

ORDERED that Plaintiff's motion to transfer is denied as moot;

ORDERED Defendants motion for attorneys' fees is denied as moot,

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.